## In re GENERAL DRUG CO.

(District Court, D. Mass. May 11, 1925.)

No. 33441.

Bankruptcy ⬤═58 — Act of bankruptcy held committed by transfer while insolvent to part of creditors.

An act of bankruptcy, within Bankruptcy Act, § 3a(2),[1] by transfer by corporation while insolvent of a portion of its property to one or more creditors with intent to prefer them over other creditors, held committed; that being the natural and actual result of the transaction, and there being nothing to rebut the presumption that the probable consequence of the act was intended.

In Bankruptcy. In the matter of the General Drug Company, alleged bankrupt. Master's report on adjudication confirmed, and order for adjudication allowed.

R. R. Sullivan, of Boston, Mass., for petitioning creditor.

Hamilton Tirrell, of Boston, Mass., for intervening creditor.

Frank McDermott, of Cambridge, Mass., for alleged bankrupt.

BREWSTER, District Judge. The above-entitled matter came on upon the master's report on adjudication. The report is confirmed.

It appears that the bankrupt corporation, while insolvent, made numerous payments of cash to sundry creditors. Some were payments in full of indebtedness and others were payments on account. The treasurer knew of the insolvent condition of the corporation when he made these payments, and the inevitable consequence, at least in several instances, was to prefer such creditors over other creditors of the corporation. He dis-

[1] Comp. St. § 9587.

avows any positive intent when he made the payments to prefer its creditors. The master's report would not establish a transfer with intent to prefer one creditor over other creditors within the meaning of section 3a (2) of the Bankruptcy Act (Comp. St. § 9587), unless such intent is to be implied from the fact that the natural and actual results of the transactions were to effect such preference.

One is presumed to intend the probable consequence of his act. Matter of Bloomberg (D. C.) 253 F. 94; Collier on Bankruptcy, 13th Ed. page 143.

The report fails to disclose any facts which would operate to rebut this presumption, and therefore it must be indulged in the present case. The allegations of the petition respecting the act of bankruptcy were in much too general terms, but no objection having been made to this, an adjudication should follow, if it appears from the master's report that any act of bankruptcy was committed which fell within the general allegation of the petition.

I find that the bankrupt did commit an act of bankruptcy coming within the provisions of section 3a (2), by transferring, while insolvent, a portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors, and an order for adjudication may be entered upon the petition.